**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HASSAN FOFANA, | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-1003 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et. al., | ) | |
| Respondents. | ) | |

**OPINION**

Pending before the court is a motion filed by Petitioner's counsel to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with attachments (ECF No. 11). The government filed a response in opposition to the motion (ECF No. 13). Because neither party attached the transcript of the bond hearing held on June 17, 2026, the court ordered it to be provided (ECF No. 14). The transcript was filed (ECF No. 15), and the motion is ripe for decision.

In the motion to enforce, Petitioner, a citizen of Togo, admits that he received a bond hearing, but argues that the hearing did not result in an individualized determination and failed to comply with the court's June 8, 2026 order because the immigration judge failed to engage in factfinding on the record. In essence, Petitioner argues that the immigration judge made up her mind that Petitioner was a flight risk because he was subject to a removal order and refused to consider the alternative arguments presented by Petitioner's counsel. Petitioner submitted a transcript of the bond hearing, which the court reviewed (ECF No. 15).

---

[1] The court issued an opinion, order and judgment on June 8, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 7, 8, 9).

Respondents argue the motion to enforce should be denied.  They contend: (1) this court lacks jurisdiction to overturn the discretionary bond decision by the immigration judge; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at \*2 (3d Cir. Feb. 25, 2022); *see Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at \*2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the June 17, 2026 bond hearing, which was provided by Petitioner.  The record reflects that Petitioner was represented by counsel and

2

counsel made arguments on his behalf. [2]  The government attorney opposed bond on the basis of flight risk because Petitioner was subject to a removal order, there was a mixed credibility finding in the prior proceedings and he did not have close ties to the United States.

The immigration judge agreed with the government's arguments.  The immigration judge acknowledged that Fofana had numerous family members in the United States and was not a danger to the community.  The immigration judge found, on the other hand, that Fofana's time in the United States was short, he entered without inspection, and he was ordered removed after a full merits hearing.  The immigration judge explained that the finding of removal after a full hearing was entitled to greater weight than the initial credible fear determination.  (ECF No. 15).

After reviewing the record, the court concludes the immigration judge made an individualized determination.  The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision.  The decision was based on flight risk.  The immigration judge noted that Petitioner has been in the United States for a short time, while Petitioner had family members in the United States, his ties to the United States itself are limited and he had been ordered to be removed.  The immigration judge commented on Petitioner's argument about the mixed credibility finding and concluded that finding does not suggest that his appeal after the full merits hearing would be successful. The immigration judge determined that the lack of any incentive to appear for his removal could not be mitigated by a bond.

Those are individualized circumstances, which the immigration judge considered.  The immigration judge was not convinced by the argument of Petitioner's counsel concerning flight

---

[2] Whether to permit testimony is a discretionary decision for the immigration judge.  *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

risk.  Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair.  This court lacks jurisdiction to overturn the immigration judge's discretionary determination.  *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.  Under those circumstances, any other arguments are beyond the scope of this court's review.  *See Ghanem*, 2022 WL 574624 at *2.

Conclusion

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 11) will be denied.

An appropriate order follows.

Dated:  July 22, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

4